## Case No. 7,744.

### KETLAND v. LEBERING.

[2 Wash. C. C. 201.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

IDEM SONANS—ADMINISTRATION—PROOF OF DEATH —EVIDENCE—ORIGINAL PAPERS.

1. The roll d'equipage is good evidence of the shipment of the seamen, and of the contract made in relation to wages.

2. Where a person called Lebrun and Lebring, was on board a vessel, as a seaman, and no person among the crew of the name of Lebering, the court gave to the administrator of Lebering, the wages due for the services of the person so designated.

3. Letters of administration to the estate of Lebering having been granted by the proper authority, the court will take the fact to be, that the person is dead, who is represented by the administrator.

This was an appeal from the district court. The libel stated, that John Lebering was shipped on board of the Mercury, at Philadelphia, upon a voyage to the river La Plata, and back: that he performed his duty as a mariner on board the said vessel, until she was captured by a British cruiser, when the said Lebering was taken from the said vessel, by the captors, and that the vessel was condemned as prize, by the vice admiralty court at Halifax; which sentence was reversed upon appeal, and the vessel restored to the owners; that the said Lebering afterwards died, and that the libellants have regularly obtained letters of administration upon his estate. The answer denies that any such

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

person as John Lebering, was on board the said vessel during the said voyage. To this answer a general replication was filed.

Mr. Peters, for appellant, admitted, that, in point of law, the representative of the mariner was entitled to full wages, as decreed by the district court, provided it appeared, in point of fact, that the intestate was a mariner on board the vessel. The depositions in the cause, proved that no person of the name of Lebering, was on board this vessel during the voyage; but that there was a mariner named John Lebrun, or Lebring, and that there was no other person on board, whose name in any manner resembled that of the intestate, or the person named by the witnesses. The counsel for the appellant, offered in evidence the roll d'equipage of the vessel, having proved by the testimony of the captain, that the shipping articles were lost.

This evidence was opposed by the counsel for appellee, but admitted by the court, who said, it is an original paper on board the vessel, and is complete, though its weight may be a subject of consideration. On this paper was entered the name of Jno. Laban, as a mariner.

WASHINGTON, Circuit Justice. We can entertain no doubt, that Jno. Lebering, the intestate, was a mariner on board this vessel. He was sometimes called Lebrun, and sometimes Lebring; but we know, by every day's experience, that a false pronunciation of surnames is frequently given, particularly with a view to the abridgement of them. It being proved that there was but one person on board, whose name resembled Lebring, or Lebering, it is impossible that the appellant can ever be made liable by any other person, of the name of Lebering, for the wages now claimed. Though it is not proved that John Lebering is dead, yet we must take the fact to be so, as the appellee has duly obtained uttermost administration upon his estate. Decree affirmed.